UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

MARCUS D. BENFORD,    )
          )
  *Plaintiff*,     )
v.          )  No. 1:11-CV-137
          )  *Mattice/Carter*
JUVENILE COURT MAGISTRATE  )
EMMA ANDREWS,    )
          )
  *Defendant*.    )

## MEMORANDUM AND ORDER

Marcus D. Benford ("Benford") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 2). Benford complains, *inter alia,* that

1) On March 15, 2011, Emma Andrews incarcerated me for not paying my full payment of my child support when I was making good efforts since 7/12/2005, to support my kids. She deprived me of my constitutional rights to keep my job at Wal-Mart on 153 Hyn.

2) My child support was being payed [sic] out of my check and since I been incarcerated I have lost my job that ways [sic] paying my child support which have [sic] put me in a worser [sic] financial situation now and when I am releast [sic] with out a job, because of being incarcerated for not making a full payment for child support.

3) Emma Andrews have [sic] ordered me to pay a purge that she know I cant afford before releasing me. When Emma Andrews incarcerated me, I lost my job that was paying my child support. Under the United States Constitution she deprived me the right earn a living, to pay child support and other responsibilities that I have. And deprived me of my right to be with my children.

**I. Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Benford that he

lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Court File No. 1). Benford is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Benford is an inmate in custody at CCA-Silverdale in Chattanooga, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Goodwin shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Benford's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

      (a)    twenty percent (20%) of the average monthly deposits to Benford's inmate trust account; or

      (b)    twenty percent (20%) of the average monthly balance in Benford's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Benford's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at CCA-Silverdale in Chattanooga, Tennessee, and the Commissioner of the Tennessee Department of Corrections, and the Attorney General for the State of Tennessee to ensure the custodian of Benford's inmate trust account complies with the portion

of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Benford **SHALL** collect the filing fee as funds become available. This order shall become a part of Benford's file and follow him if he is transferred to another institution. The agency having custody of Benford shall continue to collect monthly payments from Benford's prisoner account until the entire filing fee of $350.00 is paid.

Benford is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Benford to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

ENTER:


_s/William B. Mitchell Carter_
UNITED STATES MAGISTRATE JUDGE